CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV - 2 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| RICHARD VILLAR, | ) | **Civil Action No. 7:11-cv-00538** |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | **By:  Hon. Jackson L. Kiser** |
|     Defendants. | ) |        **Senior United States District Judge** |

Richard Villar, a federal inmate proceeding pro se, filed a civil rights complaint pursuant

to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),

with jurisdiction vested in 28 U.S.C. §§ 1331 and 1346. Plaintiff names as defendants: the

United States of America; Dr. Julia Buttermore, a dentist at the United States Penitentiary in Lee

County, Virginia ("USP Lee"); Kimberly Dow, a United States Marshal in New Hampshire; and

Stephen R. Monier, a former United States Marshal for the District of New Hampshire. Plaintiff

alleges that defendants caused cruel and unusual punishment, in violation of the Eighth

Amendment of the United States Constitution. This matter is before me for screening, pursuant

to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the claims against the

United States and Dr. Buttermore and transfer the action to the United States District Court for

the District of New Hampshire.

**I.**

**A.**

On November 2, 2007, plaintiff experienced severe tooth pain while housed in the legal

custody of the United States Marshal Service for the District of New Hampshire at a correctional

facility in New Hampshire. A physician assistant faxed to the local United States Marshal Office

a "preapproval for medical services" form that recommended plaintiff receive a filling in his tooth.  Several days later, plaintiff had more pain, an abscess, and a slight fever.

On November 21, 2007, plaintiff saw a private dentist, who diagnosed plaintiff with an abscess and thought the tooth could be saved with a root canal.  The dentist drilled a hole in the tooth to allow the abscess to drain but did not perform the root canal because he expected plaintiff to return at a later date.

On December 17, 2007, a nurse told plaintiff that the United States Marshal Service would not pay for the root canal.  The nurse explained that plaintiff could either pay for a root canal or have the United States Marshal Service pay to have the tooth pulled or filled.  On January 11, 2008, plaintiff saw a new dentist, who determined the tooth could not be filled and preferred to not extract the tooth because it could be repaired.  Plaintiff did not want the tooth pulled and could not afford to pay for a root canal, so plaintiff's criminal defense attorney asked defendant Monier on January 24, 2008, to allow the United States Marshal Service to pay for the root canal.

Between February and March 2008, plaintiff was transferred from New Hampshire to correctional facilities in Brooklyn, New York; Petersburg, Virginia; and Atlanta, Georgia.  Plaintiff arrived at USP Lee on April 17, 2008, was placed in administrative segregation, and immediately filed a request for dental services.  Plaintiff did not receive a response to the request and filed a second request on April 24, 2008, explaining again why he had a hole in his tooth and asking to see the dentist.  Dr. Buttermore replied on May 7, 2008, noting that plaintiff was on the appointment list for segregated inmates and that a nurse will give him an antibiotic.

Plaintiff filed a third request in late June 2008 that repeated the treatment history for his tooth, and Dr. Buttermore replied on July 9, 2008, explaining that she began seeing segregated

2

inmates and that plaintiff was on the appointment list. She advised plaintiff to ask a nurse for ibuprofen.

Plaintiff filed a fourth request on September 1, 2008, explaining that he had waited four months to see a dentist and that the tooth "is starting to cause pain[.]" Dr. Buttermore replied on September 5, 2008, advising him that he could be seen sooner if he signs up for sick call when released from segregation.

Dr. Buttermore examined plaintiff in segregation on October 15, 2008, and she determined that "a root canal had been started on tooth number nine . . . and left open on lingual"; the tooth had extensively decayed one-half to two-thirds down the root of the tooth; and the tooth was not restorable. Dr. Buttermore pulled the tooth, and "no pain medication was issued . . . though [plaintiff] was in extreme pain from the tooth extraction. . . ." (Am. Compl. ¶¶ 48-49.) Dr. Buttermore told plaintiff that some remaining root tissue could not be removed without removing bone.

Plaintiff was transferred from USP Lee in November 2008.[1] In the following months, plaintiff suffered "extreme and unbearable" pain from the remaining root tissue left in the bone, which he thought could not be removed. Plaintiff ultimately arrived at the United States Penitentiary in Terre Haute, Indiana, where a dentist removed the remaining root tissue on September 30, 2009.

Plaintiff filed a Claim for Damage, Injury, or Death with the Bureau of Prisons ("BOP"), alleging that staff at USP Lee unnecessarily caused plaintiff to lose a tooth and endure pain by not adequately treating him between April 22 and October 15, 2008. By a letter dated February

---

[1] Plaintiff does not say in the instant action when the transfer from USP Lee occurred, but he averred under penalty of perjury in a prior, related action that he was transferred from USP Lee in November 2008. See ECF no. 1, p. 3, Villar v. O'Brien, No. 7:10-cv-00376 (W.D. Va. Sept. 30, 2010).

11, 2010, the BOP denied the administrative tort claim and advised plaintiff that he may file suit in federal court within six-months.

Plaintiff argues in the Amended Complaint only that "the failure of Defendants[] United States of America, Dr. Julia Buttermore, Kimberly Dow, and Stephen R. Monier to provide adequate dental treatment for [p]laintiff in a timely manner[] constitutes deliberate indifference to the [p]laintiff's serious medical needs[,] in violation of the Eighth Amendment to the United States Constitution." (Am. Compl. 11.)  Plaintiff requests $80,000 jointly and severally against defendants and $20,000 in punitive damages against defendants Dr. Buttermore, Dow, and Monier.  Plaintiff further requests equitable relief to compel defendants to install a dental implant for the missing tooth.

## B.

Plaintiff filed his first related suit, <u>Villar v. O'Brien</u>, No. 7:10-cv-00376, in this court on August 16, 2010.[2]  Plaintiff named as defendants Terry O'Brien, former Warden of USP Lee; Roger Cosgrove, former Associate Warden of USP Lee; Dr. Buttermore; Dow; and Monier, and he sought compensation for the same alleged inadequate dental treatment, pursuant to <u>Bivens</u> and 28 U.S.C. § 1331.  Notably, plaintiff captioned the complaint as, "Complaint for the Deprivation of Constitutional rights by Federal Actor Pursuant to Title 28 U.S.C. § 1331," and he also alleged that the court had jurisdiction to hear the matter pursuant to 28 U.S.C. §§ 2201 and 2202, which authorize federal courts to issue declaratory judgments.  Although plaintiff acknowledged the fact that the BOP had denied a federal tort claim, plaintiff described only defendants' alleged Eighth Amendment violations.  Plaintiff did not plead a claim pursuant to the Federal Tort

---

[2] August 16, 2010, is the date plaintiff alleged he signed the Complaint and is earliest date he could have handed the Complaint to prison officials for mailing.  <u>See</u> Houston v. Lack, 487 U.S. 266, 275 (1988) (describing the prison-mailbox rule).

4

Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., or address any tortious act or omission as defined by any state law.  By Memorandum Opinion and Order dated September 30, 2010, I dismissed the action without prejudice due to plaintiff's failure to comply with a court order that directed plaintiff to file financial documents to support an application to proceed in forma pauperis.  Villar v. O'Brien, No. 7:10-cv-00376, slip op. at 1-2 (W.D. Va. Sept. 30, 2010). Plaintiff did not appeal.

Plaintiff filed his second related suit, Villar v. United States, No. 7:11-cv-00355, in this court on July 14, 2011.  Plaintiff named as defendants the United States of America, Dr. Buttermore, Dow, and Monier, and he raised the same claims sub judice.[3]  By Memorandum Opinion and Order dated October 27, 2011, I dismissed the action without prejudice due to plaintiff's failure to comply with a court order that directed plaintiff to file financial documents to support an application to proceed in forma pauperis.  Villar v. United States, No. 7:11-cv-00355, slip op. at 1 (W.D. Va. Oct. 27, 2011).  Plaintiff did not appeal.

Plaintiff filed the instant action on November 3, 2011.[4]  Plaintiff complied with the court's prior orders requesting financial documents to support an application to proceed in forma pauperis.  The court conditionally filed the action, advised plaintiff that the action appeared to be untimely filed, and requested argument why the action should not be dismissed.  Plaintiff filed his response, and this matter is ripe for screening, pursuant to 28 U.S.C. § 1915A.

---

[3] The instant Amended Complaint is a photocopy of the Complaint in the second suit.
[4] Plaintiff dated the Complaint as October 3, 2011, but he did not execute the verification statement, pursuant to 28 U.S.C. § 1746, until November 3, 2011.  (Compl. 13.)  Thus, November 3, 2011, is the earliest date plaintiff could have handed the Complaint to prison officials for mailing.

## II.

### A.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted.  <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c).  The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true.  A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  A plaintiff's basis for relief "requires more than labels and conclusions . . . ."  <u>Id.</u>  Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."  <u>Bass v. E.I. Dupont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009).  Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions.  <u>Id.</u>  Although I liberally construe a <u>pro se</u> complaint, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, <u>sua sponte</u> developing statutory and constitutional claims not clearly raised in a complaint.  <u>See</u> <u>Brock v. Carroll</u>, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); <u>Beaudett v. City of</u>

6

Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

## B.

Although plaintiff names the United States of America as a defendant, he fails to describe any basis of liability against it. Plaintiff simply says that he proceeds against the United States of America via 28 U.S.C. § 1346(b)(1), which grants United States District Courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . ." Liberally construed, plaintiff wants to recover damages from the United States of America for some negligent or wrongful act or omission of an unspecified employee.

However, plaintiff does not sufficiently describe in the Amended Complaint any particular person's tortious act or omission as defined by any state's laws. Plaintiff cannot rely on the mere invocation of 28 U.S.C. § 1346(b)(1) to spontaneously construct a viable tort claim pursuant to the FTCA. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Plaintiff does not describe any entitlement to relief against the United States via the FTCA, and I decline to construct an FTCA claim sua sponte on plaintiff's behalf. Although plaintiff invokes Bivens and the Eighth Amendment in the sole claim for relief, the United States is not a proper defendant to a Bivens action. See FDIC v. Meyer, 510 U.S. 471, 483-86 (1994)

(recognizing that a <u>Bivens</u> claim against the United States is barred by sovereign immunity).

Accordingly, I dismiss the <u>Bivens</u> claims against the United States with prejudice.[5]

C.

A <u>Bivens</u> action adopts the statute of limitations that the forum state uses for general

personal injury cases.  <u>Blanck v. McKeen</u>, 707 F.2d 817, 819 (4th Cir. 1983) (citing <u>Johnson v.</u>

<u>Railway Express Agency</u>, 421 U.S. 454, 462 (1975)).  <u>See</u> <u>Wade v. Danek Med., Inc.</u>, 182 F.3d

281, 289 (4th Cir. 1999) (holding that a State's rules about equitable tolling apply when the

State's statute of limitations applies).  Plaintiff's claims against Dow and Monier arose in New

Hampshire, and the claims against Dr. Julia Buttermore arose in Virginia.

Virginia's applicable statute of limitations is two years and may be tolled.  VA. CODE

§§ 8.01-229, 8.01-243(A).  See However, federal law itself governs the question of when a cause

of action accrues.  <u>Cox v. Stanton</u>, 529 F.2d 47, 50 (4th Cir. 1975).  A federal cause of action

accrues when "the plaintiff has 'a complete and present cause of action'" or when the plaintiff

"can file suit and obtain relief."  <u>Bay Area Laundry and Dry Cleaning Pension Trust Fund v.</u>

<u>Ferbar Corp. of Cal.</u>, 522 U.S. 192, 201 (1997).

Plaintiff's claims against Dr. Buttermore occurred while he was at USP Lee, which

plaintiff left in November 2008.  Thus, plaintiff's claims against Dr. Buttermore would have

---

[5] Even if plaintiff had actually alleged an FTCA claim, the United States is now immune to plaintiff's allegations involving Dr. Buttermore, Dow, and Monier.  Plaintiff did not prosecute his first civil action, <u>Villar v. O'Brien</u>, No. 7:10-cv-00376, although he filed it within six months of the BOP's February 11, 2010, letter denying his administrative tort claim, and plaintiff did not file the instant action within six months of the BOP's letter.  <u>See</u> 28 U.S.C. § 2401(b) (requiring a tort claim to be barred unless an action about the claim is begun within six months of the agency's denial of the administrative tort claim).  Plaintiff does not allege he ever presented an administrative tort claim to the United States Marshal Service, the two year statute of limitations has long expired for any allegation involving Dow or Monier, and the United States would be entitled to sovereign immunity.  <u>See</u> 28 U.S.C. § 2401(b) (requiring a tort claim to be barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues); 28 C.F.R. § 0.172(a) (authorizing the Director of the United States Marshal Service to administratively adjudicate administrative tort claims against the United States Marshal Service); <u>Kokotis v. U.S. Postal Serv.</u>, 223 F.3d 275, 278 (4th Cir. 2000) (noting that the requirement to file an administrative tort claim is jurisdictional and cannot be waived).

8

accrued by no later than November 2008.  Plaintiff filed the instant action in November 2011, approximately a year after the two-year statute of limitations expired.  Even tolling the limitations period for the time plaintiff's prior actions, 7:10-cv-00376 and 7:11-cv-00355, were pending in this court, the two-year limitations period for events at USP Lee already expired before plaintiff filed the instant action.  See VA. CODE § 8.01-229(E)(1) (tolling the limitations period for the time a prior, similar action was pending before being abated or dismissed without determining the merits); Torkie-Tork v. Wyeth, 739 F. Supp. 2d 887, 894 (E.D. Va. June 16, 2010) (recognizing VA. CODE § 8.01-229(E)(1) is not limited to a specific jurisdiction, to a specific type of court, or to a specific type of action).

By its Order entered on August 10, 2012, the court advised plaintiff that the action appeared to be untimely filed and asked for argument why it should not be dismissed.  In response, plaintiff argues without support that this action should "relate back" to plaintiff's first action, Villar v. O'Brien, No. 7:10-cv-00376, which plaintiff filed in this court on August 16, 2010.  Rule 15(c), Fed. R. Civ. P., permits an amendment to relate back to an earlier pleading filed in the same action if the amendment meets certain criteria, but nothing in Rule 15 permits an amendment in an active case to relate back to a filing in a previously-filed, closed action. See, e.g., Marsh v. Soares, 223 F.3d 1217, 1219-20 (10th Cir. 2000) (holding a pleading in a subsequent action cannot relate back to a pleading filed in a prior action that was already dismissed because there is nothing for the subsequent pleading to relate back to).

Plaintiff does not argue any basis to equitably toll the statutes of limitations, and I find no basis in the record to do so.  Accordingly, plaintiff's Bivens claims against Dr. Buttermore warrant dismissal as time-barred.  See Brooks v. City of Winston-Salem, North Carolina, 85 F.3d

178, 181 (4th Cir. 1996) (stating <u>sua</u> <u>sponte</u> dismissal is proper when the face of the complaint clearly reveals the existence of a meritorious affirmative defense).

Plaintiff's remaining claims are against Dow and Monier, for whom this court lacks personal jurisdiction, about events that occurred in New Hampshire, which are not within this court's venue.  In the interest of justice and the convenience of parties and witnesses, I transfer this civil action to the District of New Hampshire where it may have been brought.  28 U.S.C. § 1404.  <u>See, e.g.</u>, N.H. REV. STAT. §§ 508:4, 508:10; <u>Portsmouth Country Club v. Town of Greenland</u>, 152 N.H. 617, 624, 883 A.2d 298, 304 (2005); <u>Roberts v. GMC</u>, 140 N.H. 723, 726, 673 A.2d 779, 782 (1996).

### III.

For the foregoing reasons, I dismiss the <u>Bivens</u> claims against the United States and Dr. Buttermore, pursuant to 28 U.S.C. § 1915A(b)(1); terminate the United States and Dr. Buttermore as defendants; and transfer the action to the United States District Court for the District of New Hampshire.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 2nd day of November, 2012.

Senior United States District Judge